IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL J. STANISZEWSKI, | : | |
| Plaintiff, | : | CASE NO. 1:15-CV-00284 |
| v. | : | JUDGE SANDRA S. BECKWITH |
| DEPARTMENT OF JOB AND FAMILY SERVICES, et al., | : | MAGISTRATE JUDGE LITKOVITZ |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

The parties hereto having stipulated to the entry of a protective order under Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate, will facilitate discovery, and will protect the rights of the parties, it is hereby ORDERED that:

1. Either party may designate as "confidential" any documents, or deposition transcripts or exhibits reflecting the contents of such documents, which it believes should be subject to the terms of this Protective Order. Such information shall be that which the designating party in good faith believes is privileged or confidential under Ohio or federal law, such as, medical, proprietary information or information that may invade the privacy of third parties, but may not include publicly available information such as documents maintained by the State of Ohio, Department of Job and Family Services that are subject to the Public Records Act. Any documents designated as "confidential" by a party under this paragraph shall be clearly labeled "confidential" prior to their production. The parties shall not designate any document as "confidential" unless they have a good faith belief that said document is entitled to that protection under existing law.

2. The Court will resolve any disputes regarding what documents, deposition transcripts, or exhibits will be treated as confidential under this Order. In the case of a dispute, the party

asserting confidentiality shall have the burden of demonstrating the same. A party asserting that documents formerly designated as confidential should no longer be treated as confidential shall have the burden of demonstrating the same.

3. Confidential documents shall be maintained in confidence and used by the parties and their respective attorneys (including their support staff) in this matter only for purposes of the above-captioned action and shall be disclosed to no one except experts or consultants, or as may be required to present this action at trial.

4. Documents designated as confidential shall be filed under seal or in accordance with Loc. R. 26.2 in such a way as to redact the confidential information. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Proctor & Gamble Co., v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

5. At the conclusion of this suit, by judgment or otherwise, the parties and their respective attorneys shall, at the written request of the producing party, return the confidential documents to the other party along with all copies thereof.

6. A party who produces any document not subject to discovery under federal law without intending to waive any claim of protection associated with such document may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and/or notify the other party that such document was inadvertently produced and should have been withheld as protected. Such protected documents may include, but are not limited to, privileged communications, attorney work-product material, and any documents containing HIPAA protected health information.

7. Once the producing party provides such notice to the requesting party, the requesting party must: (a) promptly return the specified document and any copies thereof; (b) destroy, and certify such destruction to the producing party, any notes or any other documents created that reflect the contents of the specified document; and (c) refrain from disclosing the substance of such specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within thirty (30) days of the producing party's notice.

8. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as protected material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party requests its return in accordance with ¶ 6 hereof and takes reasonable precautions to avoid such inadvertent disclosure.

9. This Order shall not be deemed to encompass documents or information that was lawfully in either party's possession prior to the filing of this action

10. By complying with these obligations, the requesting party does not waive any right to challenge the assertion of protected status or confidentiality and request an order of the Court determining the issue. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material and requests the court's determination within thirty (30) days of the notice describe in ¶ 6 hereof, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking the Court's determination of this issue pursuant to Fed. R. Civ. P. 26(b)(5)(B).

11. Any third party, such as expert witnesses or vendors, retained by either party in the course of the above-captioned litigation shall be provided a copy of this Order and shall be bound by its terms.

12. In the event of inadvertent disclosure of privileged documents and upon timely notice by the producing party, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party.

13. The term "document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, whether a copy, draft, or original, including but not limited to, letters, computer or digitally stored files, e-mail fax or correspondence, memoranda, notes, statements, notebooks, minutes, reports, worksheets, handbooks, manuals, pamphlets, brochures, diaries, calendars, stenographic notes, analyses, forecasts, announcements, publications, press releases, photographs, video and audio tape recordings, motion pictures, tabulations, graphs, charts, maps, telegrams, agreements, contracts, affidavits, transcripts, printouts or other stored information from computers or other information retrieval systems, and any copies of the foregoing that are different from the original or other copies because of notations or markings.

14. The parties have entered into a "Non-Waiver of Privilege or Clawback Agreement," which is attached hereto and hereby incorporated herein.

15. This Order is subject to modification by the Court upon the agreement of the parties or upon application of either party showing good cause for any such requested modification.

It is SO ORDERED.

_____
The Honorable Karen L. Litkovitz
United States Magistrate Judge

APPROVED & AGREED:

Plaintiff's Attorney:

*/s/ Alissa Sammarco Magenheim by R. Fekete per email authority 3/1/16*

ALISSA SAMMARCO MAGENHEIM (0077563)
Law Offices of Alissa Sammarco Magenheim, LLC
15 East 8th Street, Cincinnati, OH 45202
(513) 763-7700 – Office
(513) 763-7704 – Facsimile
ASM@AlissaMagenheimLaw.com

AND

Defendant's Attorneys:

*/s/ Robert E. Fekete*

ROBERT E. FEKETE (0085762)
Associate Assistant Attorney General

*/s/ Ryan D. Walters*

RYAN D. WALTERS (0076724)
Assistant Attorney General

*/s/ Kevin C. Hulick*

KEVIN C. HULICK (0093921)
Assistant Attorney General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL J. STANISZEWSKI, | : | |
| Plaintiff, | : | CASE NO. 1:15-CV-00284 |
| v. | : | JUDGE SANDRA S. BECKWITH |
| DEPARTMENT OF JOB AND FAMILY SERVICES, et al., | : | MAGISTRATE JUDGE LITKOVITZ |
| | : | |
| Defendants. | | |

## NON-WAIVER OF PRIVILEGE OR CLAWBACK AGREEMENT

Plaintiff Paul J. Staniszewski and Defendant Ohio Department of Job and Family Services, et. al. (collectively, the "Parties") hereby agree and stipulate as follows:

The Parties are about to begin formal discovery efforts in this case. As such, the Parties will be producing various types of information including electronically stored information ("ESI"). As a result, there is a risk of inadvertent disclosure of certain privileged and/or otherwise protected personnel/personal/health information. Accordingly, pursuant to Fed. R. Civ. P. 26(b)(5)(B), the Parties agree to this non-waiver or "clawback" agreement. The Parties hereby adopt by reference the definitions of "attorney-client privilege" and "work-product protection" as set forth in Fed. R. Ev. 502.

A Party who does not intend to waive the privilege(s) or protection(s) associated with a document or ESI, and yet inadvertently produces such document or information, may, within ten (10) business days after discovering inadvertent production, notify the opposing Party that such production was inadvertent and should have been withheld, and amend its discovery response to provide for the return of said document or information. The opposing Party must then promptly return the document or information in question and any copies, both paper and electronic, to the producing Party. Both Parties hereby acknowledge that the requesting Party does not waive any

right it has or may have to challenge the producing Party's assertion of the privilege or protection asserted and to request discovery of said document pursuant to an order of the Court.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

/s/ Alissa Sammarco Magenheim by R. Fekete per email authority 3/1/16

ALISSA SAMMARCO MAGENHEIM (0077563)
Law Offices of Alissa Sammarco Magenheim, LLC
15 East 8th Street, Cincinnati, OH 45202
(513) 763-7700 – Office
(513) 763-7704 – Facsimile
ASM@AlissaMagenheimLaw.com

Counsel for Plaintiff

/s/ Robert E. Fekete

ROBERT E. FEKETE (0085762)
Trial Counsel
Associate Assistant Attorney General

/s/ Ryan D. Walters

RYAN D. WALTERS (0076724)
Assistant Attorney General

/s/ Kevin C. Hulick

KEVIN C. HULICK (0093921)
Assistant Attorney General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 - Telephone
(614) 752-4677 - Facsimile
elsreview@ohioattorneygeneral.gov

Counsel for Defendant

2